**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| J & J Sports Productions Incorporated, | No. CV-14-02232-PHX-NVW |
| Plaintiff, | **ORDER** |
| v. | |
| Erika Preciado, et al., | |
| Defendants. | |

Before the Court are the Plaintiff's Application for Default Judgment by the Court (Doc. 17) and the supporting Memorandum of Points and Authorities (Doc. 17-1). For the following reasons, the Application will be denied without prejudice.

Plaintiff acquired the "exclusive nationwide commercial distribution (closed-circuit) rights" to an October 12, 2013 fight between Timothy Bradley and Juan Manuel Marquez (the "Program"). (Doc. 1 at 4.) A number of hotels, restaurants and clubs then entered into sublicensing agreements with Plaintiff that permitted them to exhibit the Program to their customers. (*Id.* at 5.) According to Plaintiff, El Mexicano Mexican Grill & Cantina, located in Payson, Arizona, intercepted the Program and broadcast it to patrons without obtaining Plaintiff's consent. (*Id.* at 3-4.) This unlicensed interception, carried out at the instruction of Defendant Erika Preciado, the Grill's "managing member," allegedly resulted in increased profits to the restaurant. (*Id.*)

Plaintiff brought the instant action on October 8, 2014, seeking a total of $170,000 in statutory damages on two causes of action. The first cause of action alleges

Defendants violated 47 U.S.C. § 605.  The substantive portion of that statute, § 605(a), provides as follows:

> Except as authorized by chapter 119, title 18, United States Code, no person receiving, assisting in receiving, transmitting, or assisting in transmitting, any interstate or foreign communication by wire or radio shall divulge or publish the existence, contents, substance, purport, effect, or meaning thereof, except through authorized channels of transmission or reception, (1) to any person other than the addressee, his agent, or attorney, (2) to a person employed or authorized to forward such communication to its destination, (3) to proper accounting or distributing officers of the various communicating centers over which the communication may be passed, (4) to the master of a ship under whom he is serving, (5) in response to a subpena issued by a court of competent jurisdiction, or (6) on demand of other lawful authority. No person not being authorized by the sender shall intercept any radio communication and divulge or publish the existence, contents, substance, purport, effect, or meaning of such intercepted communication to any person. No person not being entitled thereto shall receive or assist in receiving any interstate or foreign communication by radio and use such communication (or any information therein contained) for his own benefit or for the benefit of another not entitled thereto. No person having received any intercepted radio communication or having become acquainted with the contents, substance, purport, effect, or meaning of such communication (or any part thereof) knowing that such communication was intercepted, shall divulge or publish the existence, contents, substance, purport, effect, or meaning of such communication (or any part thereof) or use such communication (or any information therein contained) for his own benefit or for the benefit of another not entitled thereto. This section shall not apply to the receiving, divulging, publishing, or utilizing the contents of any radio communication which is transmitted by any station for the use of the general public, which relates to ships, aircraft, vehicles, or persons in distress, or which is transmitted by an amateur radio station operator or by a citizens band radio operator.

According to Plaintiff, Defendants allegedly violated § 605 because they acted without authorization, without entitlement, and for their own benefit.  (*See* Doc. 1 at 4-6.) Plaintiff's second cause of action asserts a violation of 47 U.S.C. § 553, which prohibits any "person" from "intercept[ing] or receiv[ing] or assist[ing] in intercepting or receiving any communications service offered over a cable system, unless specifically authorized to do so by a cable operator or as may otherwise be specifically authorized by law."  47 U.S.C.§ 553(a)(1).

Defendants were served with process in this action (*see* Doc. 10, 11) but have failed to appear.  On January 20, 2015, the Clerk granted Plaintiff's Request to Enter

Default (Doc. 13).  Plaintiff now moves for entry of default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2).  Defendants have not filed a response.

"Entry of default judgment … is not a matter of right. Entry of a default judgment is entirely within the court's discretion and may be refused where the court determines no justifiable claim has been alleged or that a default judgment is inappropriate for other reasons." *SuperMedia LLC v. Law Offices of Malkin & Assocs. P.L.L.C.*, No. CV-12-2491-PHX-LOA, 2013 U.S. Dist. LEXIS 18105, at *4-5 (D. Ariz. Feb. 11, 2013) (citations and internal quotation marks omitted).  "Factors which may be considered by courts in exercising discretion as to the entry of a default judgment include: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986) (citation omitted).  When deciding Rule 55(b)(2) motions, courts' "starting point is the general rule that default judgments are ordinarily disfavored. Cases should be decided upon their merits whenever reasonably possible." *Id.* at 1472 (citation omitted).  "*Eitel* require[s] that a plaintiff state a claim on which the [plaintiff] may recover." *Twentieth Century Fox Film Corp. v. Streeter*, 438 F. Supp. 2d 1065, 1070 (D. Ariz. 2006) (alterations in original) (citation and internal quotation marks omitted).

Here, Plaintiff has not shown that the claims stated in the Complaint (Doc. 1) entitle Plaintiff to relief.  The first sentence of § 605(a) forbids divulging or publishing "communication[s] by wire or radio."  But this sentence "only prohibits the divulging of wire or radio transmissions by *communications personnel*." *J&J Sports Prods. v. Man Thi Doan*, No. C-08-00324 RMW, 2008 U.S. Dist. LEXIS 95137, at *6 n.3 (N.D. Cal. Nov. 13, 2008) (emphasis added) (citation and internal quotation marks omitted).  It does not cover the transmissions allegedly effected by Defendants, who are not employed by a communications company. *See United States v. Norris*, 88 F.3d 462, 465 (7th Cir. 1996)

("The legislative history of the 1968 Omnibus Crime Control Act explains that with respect to *wire* communications, the amended § 605 was 'designed to regulate the conduct of communications personnel.'" (emphasis in original)).  The remaining proscriptions in sentences two, three and four of § 605(a) refer only to "radio communication[s]" or "communication[s] by radio."  By its terms, the portion of § 605(a) applicable to parties other than communications personnel does not prohibit the interception of wire communications.

"Where [a] default has been entered, as in this case, the factual allegations of the complaint, except those relating to the amount of damages, [are] taken as true." *Siemens Med. Solutions USA, Inc. v. Sequoia Techs.*, No. CV-05-0529-PHX-FJM (LOA), 2006 U.S. Dist. LEXIS 11267, at *41 (D. Ariz. Feb. 6, 2006) (alteration in original) (citation and internal quotation marks omitted).  The Complaint does not specify whether Defendants allegedly intercepted the Program by wire or radio, and Plaintiff admits that it "cannot conclusively determine the precise method of interception" because Defendants have failed to appear.  (Doc. 17-1 at 7.)  The Complaint therefore states a claim under the second through fourth sentences of § 605 only if that statutory provision bans interception of both wire communications and radio communications.

The Ninth Circuit has noted the potential ambiguity in § 605 but has apparently never resolved the question. *See Kingvision Pay-Per-View v. Lake Alice Bar*, 168 F.3d 347, 349 n.1 (9th Cir. 1999) ("Two statutes are pleaded, 47 U.S.C. § 553, and 47 U.S.C. § 605. There are potentially intricate issues of overlap and distinction between these statutes, one of which speaks more to cable television, the other more to satellite television. Neither side has raised any question about which statute applies in the briefs, so we have no occasion to decide which applies, or whether both do.").  Of the five courts of appeals to address the scope of § 605, four have found that it does not apply to wire communications. *See Charter Commc'ns Entm't I v. Burdulis*, 460 F.3d 168, 172 (1st Cir. 2006); *TKR Cable Co. v. Cable City Corp.*, 267 F.3d 196, 197 (3d Cir. 2001); *J&J Sports Prods. v. Mandell Family Ventures, LLC*, 751 F.3d 346, 351 (5th Cir. 2014);

*Norris*, 88 F.3d at 469.  Only the Second Circuit has held to the contrary.  *See Int'l Cablevision v. Sykes*, 75 F.3d 123, 129 (2d Cir. 1996).

The Court need not determine definitively whether § 605 prohibits the interception of wire communications.  On a motion for entry of default judgment, where courts are admonished to respect "the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits," it is enough that "the merits of [P]laintiff's substantive claim" are dubious at best.  *Eitel*, 782 F.2d at 1471-72.  Where a plaintiff's legal theory is questionable, there can be little or no "possibility of prejudice to the plaintiff" in denying an entry of default judgment, and the "sufficiency of the complaint" is plainly lacking.  *Id.* at 1471.  Because Plaintiff cannot allege that Defendants intercepted the Program via radio, it is unlikely Plaintiff has stated a claim upon which relief can be granted under § 605.  Entry of default judgment on that cause of action is not justified.

There is no dispute that § 553, in which Plaintiff's second cause of action is grounded, proscribes unauthorized interception of cable or wire communications.  Taking Plaintiff's well-pleaded allegations as true, however, Plaintiff still has not stated a claim for relief under § 553.  As explained above, the Complaint does not describe the specific means by which Defendants allegedly intercepted the Program, and Plaintiff has confessed its lack of any information or belief on the basis of which to amend the Complaint to make that means clear.  (*See* Doc. 17-1 at 7.)

Nevertheless, if Defendants intercepted the Program, they must have done so by either wire or radio.  Even on the view of § 605 adopted by the First, Third, Fifth and Seventh Circuits, Defendants' alleged conduct would therefore have to be a violation of either § 605 or § 553.  It would be perverse to permanently deny entry of default judgment on the grounds that Plaintiff cannot adequately determine which of two (perhaps) mutually exclusive causes of action—at least one of which must describe Defendants' alleged conduct—actually fits the facts of this case.

In its Application, Plaintiff requests judgment against Defendants for violation of § 605 or, "[i]n the alternative," judgment against Defendants for violation of § 553.

(Doc. 17 at 3.)  But in the supporting Memorandum, Plaintiff "only seeks liability and damages on its claim under 47 U.S.C. § 605."  (Doc. 17-1 at 7.)  These conflicting statements make it unclear whether Plaintiff would suffer any prejudice if the Court denied entry of default judgment on the § 553 cause of action as well as on the § 605 cause of action.  The Court will therefore deny the Application without prejudice and permit Plaintiff forty-five days in which to seek discovery and file an amended complaint that makes clear the means by which Defendants allegedly intercepted the Program.  If, following submission of the amended complaint, Plaintiff files a renewed application for entry of default judgment, that application should specify on which causes of action Plaintiff is seeking damages.  Should Plaintiff fail to amend the Complaint within forty-five days to state a cause of action under either § 605 or § 553, the Court will order the Clerk to terminate this case.

IT IS THEREFORE ORDERED that Plaintiff's Application for Default Judgment by the Court (Doc. 17) is denied without prejudice.  If by April 24, 2015, Plaintiff has not filed an amended complaint, the Clerk shall terminate this case.

Dated this 11th day of March, 2015.

Neil V. Wake
United States District Judge